Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alexander Stross, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Move, Inc., a Delaware corporation, individually and doing business as "realtor.com"; and Does 1 through 10,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VIOLATION OF DMCA 17 U.S.C. § 1202<br><br><u>Jury Trial Demanded</u> |

Alexander Stross, through counsel, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Alexander Stross ("Stross" or "Plaintiff") is an individual residing in Austin, Texas.

5. Upon information and belief, Stross alleges that Defendant Move, Inc., individually and doing business as "realtor.com" (collectively, "Move") is a Delaware Corporation with its primary place of business located at 30700 Russell Ranch Road – Suite 1000, Westlake Village, CA 91360, and is the primary owner and operator of the website "https://www.realtor.com."

6. Upon information and belief, Stross alleges that Defendants Does 1 through 10 ("Doe Defendants") (collectively with Move, "Defendants") are other parties not yet identified who have infringed Stross's copyrights, have contributed to the infringement of Stross's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to Stross, which therefore sues said Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, Stross alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including full knowledge of each violation of Stross's rights and the damages to Stross proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS

8. Stross is a professional photographer with extensive experience in home and real estate photography who created and owns the more than 2000 original photographs depicted in **Exhibit 1** attached hereto ("Subject Photographs").

9. Stross has registered the Subject Photographs with the United States Copyright Office.

10. Move owns and operates the commercial website "https://www.realtor.com," on which Move directly facilitates the publishing, display, and marketing of real estate listings which prominently feature corresponding photography meant to draw in users to Move's website and paid services.

11. At all relevant times Realtor.com, like other websites that display MLS listings, displayed listings by IDX feed received from a Multiple Listing service.

12. At all relevant times Move was not a real estate broker.

13. Only real estate brokers can be participants in a MLS, and non-participants like Move are required to obtain a license from a MLS to display an IDX feed.

14. At all relevant times Move operatedRealtor.com under license from non-party National Association of Realtors which owns the trademark "REALTOR."

15. The license granted by a MLS to a non-participant are generally subject to written terms and conditions which, *inter alia*, (1) prohibit non-participants from copying, displaying, or distributing real estate listing information and associated photographs for listings that have expired, been withdrawn, or sold, and (2) require the non-participant to refresh all MLS downloads and IDX displays automatically fed by those downloads at least once every 12 hours. Those terms

3
COMPLAINT

and conditions are generally consistent with the rules and regulations for MLS and IDX use applicable to participants.

16. Upon information and belief, Stross further alleges that Move operates a content delivery network ("CDN") at the URLs "https://p.rdcpix.com," which creates and stores cached copies of images to be delivered to users of Move's website as well as third party websites.

17. Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, displayed, published, reproduced, transmitted, distributed, created derivative works of, and/or otherwise exploited the Subject Photographs online, including without limitation on Move's website, without authorization, license, or consent from Stross (collectively, the "Infringing Uses"). True and correct screen captures of the Infringing Uses are set forth in **Exhibit 1** as attached hereto.

18. Stross further alleges that Defendants, and each of them, engaged in additional Infringing Uses through the creation, storage, and delivery of the Subject Photographs through Move's CDN server.

19. Stross discovered the Infringing Uses in early 2021 and had no reason to know of any of those uses prior to that discovery. On April 13, 2021, Stross sent takedown notices to Move pursuant to the Digital Millennium Copyright Act ("DMCA") requesting the expeditious removal of the Infringing Uses from Move's website and CDN and identifying specific URLs at which the Infringing Uses could be found.

20. Move failed to expeditiously remove all of the Infringing Uses as of at least September 25, 2021.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

21. Stross incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

22. Upon information and belief, Stross alleges that Defendants, and each of them, had access to the Subject Photographs, including through (1) Stross's website and social media accounts, (2) viewing the Subject Photographs online (e.g., MLS listings, search engines or third-party websites), and (3) receiving the Subject Photographs from a third-party. Access is further evidenced by the identical nature of the copying.

23. Upon information and belief, Stross alleges that Defendants, and each of them, infringed Stross' copyrights by copying, displaying, publishing, reproducing, transmitting, distributing, creating derivative works of, and/or otherwise using the Subject Photographs without license, authorization, or consent, including without limitation, through the Infringing Uses on Move's website, and the creation and delivery of copies of the Subject Photographs through Move's CDNs.

24. Upon information and belief, Stross alleges that, as of April 13, 2021, at the latest Move had actual knowledge, or was aware of the facts or circumstances, of the Infringing Uses.

25. Upon information and belief, Stross alleges that Move did not expeditiously remove, or disable access to, the Infringing Uses.

26. Due to Defendants', and each of their, acts of copyright infringement, Stross has suffered general and special damages in amounts to be established at trial.

27. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the Subject Photographs. As such, Stross is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Photographs in an amount to be established at trial.

28. Upon information and belief, Stross alleges that Defendants, and each of them, have committed acts of copyright infringement which were willful,

intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Stross will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

29. Stross repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the proceeding paragraphs of this complaint.

30. Stross routinely published with attribution, credit, and other copyright management information identifying Stross as the author.

31. Stross alleges on information and belief that Defendants, and each of them, removed Stross's copyright management information, as described above, from the Subject Photographs, and/or added false copyright management information to the Subject Photographs, including without limitation attributing hundreds of the Subject Photographs to "Realty Austin," before distributing and publishing same to the public.

32. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

33. When Defendants distributed and published the Subject Photographs, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Stross has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from copying, displaying, publishing, reproducing, transmitting, distributing, creating derivative works of, and/or otherwise using the Subject Photographs, including an order requiring Defendants, and each of them, to remove the Subject Photographs from any website, server, or platform owned, operated, or controlled by Defendants;

b. That Plaintiff be awarded all profits of Defendants, and each of them, attributable to their infringement, plus all losses of Plaintiff, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504 and other applicable law §1203;

c. That Plaintiff be awarded his attorneys' fees under 17 U.S.C. § 505 and/or ;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 8, 2023

DONIGER/BURROUGHS

By: /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*